UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY ROBERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No: 4:14CV01134 HEA |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on June 20, 2014. On August 18, 2014 Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 10]. Subsequent to that Petitioner filed his Traverse on October 30, 2014.[1] Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to the need for an evidentiary hearing and therefore one is not warranted. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

---

[1] It should be noted that a detailed review of the Traverse filed by Petitioner, as well as a comparison to his Petition, allows for the sole conclusion that Petitioner merely reiterates, by way of summary, the allegations of the Petition.

## Procedural Background

On March 22, 1996, Petitioner was found guilty by jury of three counts of Sodomy and one count of Rape. The Twenty-First Circuit Court trial court, on May 10, 1996, sentenced him to consecutive term of imprisonment in the Missouri Department of Corrections. The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions. Petitioner did not seek review by the Missouri Supreme Court. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15. Thereafter, the Missouri state trial court entered findings of fact and conclusions of law denying the post-conviction relief motion of Petitioner. Roberson did not file a timely notice of appeal to the Missouri Court of Appeals.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on June 20, 2014. Petitioner alleges that the Department of Corrections is unlawfully requiring him to serve eighty-five (85) percent of his sentences for rape and sodomy before he is eligible for early release and improperly classifying his offenses as "forcible rape" and "forcible sodomy." He contends that he first discovered this alleged error in 2006. He argues that his current confinement is unlawful and asks this Court to direct the Department to change his records.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court

factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If a petition is filed outside the one-year limitations period, it must be considered time-barred, unless the statute of limitations is equitably tolled. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). However, "equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or where the defendant's conduct has lulled the petitioner into inaction. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007) *quoting Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005).

## Discussion

Petitioner was convicted in March of 1996. The Twenty-First Circuit Court for St. Louis County sentenced Petitioner in May of 1996. His convictions were affirmed by the Court of Appeals for the Eastern District of Missouri. He did not seek application to transfer to the Missouri Supreme Court. Under *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-654 (2012) (judgment becomes final at the expiration of time for seeking direct review).

Petitioner did file his motion for post-conviction relief under Rule 29.15 and the Twenty-First Circuit Court denied the motion. He did not appeal the denial of is Rule 29.15 motion.

Petitioner filed this petition eight years after his convictions and sentencing and at least seven years after his last filing in state court. He claims he did not discover the factual basis for his claim until 2006, ten years after he was received by the Department of Corrections. Petitioner does not demonstrate in any regard that there were extraordinary circumstances beyond his control that prevented him from timely filing a habeas corpus petition or that the state lulled him into inaction. Furthermore, Roberson's assertions fail to show that he has been pursuing his rights diligently. He has the burden of establishing that he reasonably pursued his rights with diligence. *Holland*, 130 S.Ct. at 2565. Petitioner has failed in going forward with that burden.

Petitioner is greatly beyond the one-year statute of limitations, and he clearly is not entitled to statutory or equitable tolling since he filed this petition for writ of habeas corpus eight years after allegedly discovering the factual predicate of his claim.

## Conclusion

Petitioner is not entitled to any relief. The Petition is time barred and must be dismissed.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*,

297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **dismissed and denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 18th day of July, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE